UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:19CR00528 JM |
| v. ) | |
| ) | |
| RAMIEN COLLINS ) | |

## NOTICE OF RULE 404(b) EVIDENCE

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Chris Givens and Julie Peters, Assistant United States Attorneys, hereby gives notice of its intent to present evidence under Federal Rule of Evidence 404(b).

The Indictment charges the defendant with three counts of distribution of methamphetamine. The evidence at trial will show that three times—on September 12, 2018, September 26, 2018, and November 7, 2018—the FBI, with assistance from local law enforcement partners and a confidential informant, purchased methamphetamine from the defendant in a series of controlled transactions.

Pursuant to Federal Rule of Evidence 404(b), the United States intends to introduce evidence of defendant's prior conviction for conspiracy to distribute more than 28 grams of crack cocaine (United States District Court for the Western District of Arkansas, Case No. 1:11-cr-10043-HFB), as well as the testimony of the Confidential Informant (CI) who made the controlled purchases from Collins and had prior drug dealings with Collins.

Federal Rule of Evidence 404(b) provides, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case

shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

To be admissible under Rule 404(b), a prior act "must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Williams*, 534 F.3d 980, 984 (8th Cir. 2008). "The rule is one of inclusion, 'such that evidence offered for permissible purposes is presumed admissible absent a contrary determination.'" *United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) (quoting in part *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006)).

In this case, the CI would testify that he/she met the defendant in late 2016 or early 2017 through a mutual friend for the sole purpose of the CI purchasing drugs from Collins. For all of 2017 and up until late summer 2018, the CI purchased methamphetamine and cocaine from Collins. The CI would testify he/she purchased anywhere from two to eight ounces of cocaine at least once a week from Collins and purchased anywhere from two ounces to a pound (16 ounces) of methamphetamine at least once a week from Collins. The CI would testify that the prices for cocaine ranged from $900 to $1000 an ounce, and prices for methamphetamine was $400-$600 an ounce.

As to the first factor, the defendant's prior possession and distribution of controlled substances is relevant to prove a material issue—knowledge and intent to distribute a controlled substance. According to Eighth Circuit precedent, "Rule 404(b) evidence is admissible when the defendant 'places his state of mind in issue' by a 'general denial defense,' as [the defendant] did here." *United States v. Lindsey*, 702 F.3d 1092, 1099 (8th Cir. 2013); *United States v. Felix*, 867 F.2d 1068, 1072 (8th Cir. 1989) (recognizing that over the last thirty years, the Eighth Circuit has

"repeatedly held that evidence of similar prior drug activity is admissible in drug prosecution cases because a defendant's complicity in other similar transactions service to establish intent or motive to commit the crime.") (citing cases); *see also United States v. Wiggins*, 747 F.3d 959, 963 (8th Cir. 2014.

In addition to being relevant to a material issue, the offered testimony and prior convictions is similar in kind to the current offense; the prior bad acts involved the same conduct, that is, the distribution of narcotics. Both the offered testimony and prior conviction are not overly remote in time, per Eighth Circuit precedent. As to Collins's prior drug conviction, the Eighth Circuit has "frequently upheld the admission of prior drug convictions for the purpose of proving intent and knowledge where the defendant denied the charged drug offense." *United States v. Cole*, 537 F.3d 923, 928 (8th Cir. 2008) (upholding the admission of prior drug convictions that occurred within three to seven years prior to the charged conduct to show intent and knowledge in prosecution for drug offenses) (citing *United States v. Marquez*, 462 F.3d 826, 830 (8th Cir. 2006) (upholding admission of eleven-year-old prior conviction for possession with intent to distribute marijuana under 404(b) to show knowledge and intent in prosecution for possession with intent to distribute marijuana); *see also United States v. Hawkins*, 548 F.3d 1143, 1147 (8th Cir. 2008) (noting the prior conviction need not involve the same illegal drug as the charged offense). *See also United States v. Carlson*, 613 F.3d 813, 820 (8th Cir. 2010) (upholding admission of prior conviction for possessing methamphetamine in prosecution for conspiracy to distribute and possessing with intent to distribute methamphetamine); *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009) (holding that eleven-year-old conviction for conspiracy to distribute 1000 kilograms of marijuana was not too remote in time in trial charging conspiracy to distribute 1000 kilograms or more of marijuana); *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008) (holding that prior

possession with intent to deliver cocaine base, cocaine, and marijuana convictions that were four, ten and eleven years old are not so remote as to be inadmissible) (citing *United States v. Ironi,* 525 F.3d 683, 688 (8th Cir. 2008) (finding that prior cocaine possession convictions that were eight and ten years old were not too remote and admissible in aiding and abetting possession with intent to distribute cocaine trial); *United States v. Green,* 151 F.3d 1111, 1114 (8th Cir. 1998) (listing cases in which convictions that were twelve, thirteen and seventeen years old were admissible); *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002) ("We have held on numerous occasions that a prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs.").

As to the second factor, remoteness is reviewed for reasonableness based on "the facts and circumstances of each case." *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001) (internal quotation omitted). "Where the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be rendered irrelevant only by an enormous lapse of time." *See United States v. Thomas*, 593 F.3d 752, 758 (8th Cir. 2010) (internal citations and quotations omitted). Admission of acts as old as twenty years is permitted if a defendant spends a significant portion of the interim incarcerated. *See, e.g.*, *Halk*, 634 F.3d at 487-88 (nineteen-year-old conviction where incarcerated for twelve years); *Walker*, 470 F.3d at 1274 (eighteen-year-old conviction where incarcerated for ten years); *United States v. Williams*, 308 F.3d 833, 836-37 (8th Cir. 2002) (twenty-year-old conviction when in incarcerated for sixteen); *Trogdon*, 575 F.3d at 766 (holding that eleven-year-old conviction was not too remote in time).

The CI's testimony will detail acts which occurred the year preceding the charged conduct. Indeed, the CI would testify that he/she was purchasing narcotics from Collins the month before

the first controlled purchase took place. According to the federal court docket Collins was convicted of conspiracy to distribute crack cocaine on October 3, 2011, and was sentenced to 70 months' imprisonment on January 19, 2012. On June 10, 2015, that sentence was reduced to 60 months. Bureau of Prisons records indicate that Collins was released from federal prison on January 28, 2016. The instant offense first occurred on September 12, 2018, less than three years from Collins's release from prison. In fact, Collins was still on supervised release for his federal drug conspiracy conviction at the time the instant offense occurred.

As to the third prong, the prior acts at issue are supported by sufficient evidence in the form of live, under-oath testimony, and certified copies of official court records. The certified copies of the defendant's prior convictions have been provided to defense counsel in discovery.  In *United States v. Hill*, the Eighth Circuit explained that the standard for admission of the 404(b) testimony was whether the bad acts are "proven by a preponderance of the evidence." 638 F.3d 589, 592 (8th Cir. 2011).  The Eighth Circuit has found that when an informer's testimony is "unambiguous and specific" it is sufficient evidence and is admissible without corroboration.  *Hill*, 638 F.2d at 592 (finding uncorroborated testimony of an agent admissible); *United States v. Leisure*, 807 F.2d 143, 145 (8th Cir. 1986) (finding the uncorroborated testimony of an informant admissible); *United States v. Cole*, 488 F. Supp. 2d 792, 803 (N.D. Iowa 2007) (finding the uncorroborated testimony of a cooperating witness admissible); *see also, Evans* 697 F.2d at 249 (*citing United States v. Lewis*, 423 F.2d 240, 248 (8th Cir. 1983)). Such evidence has been found not to be unfairly prejudicial where the informer will be subject to cross examination on the details of his statement. *Evans* at 249.

The prior bad acts committed by the defendant, as shown by the offered 404(b) evidence, are relevant. *United States v. Banks*, 706 F.3d 901, 907 (8th Cir. 2013) ("Prior felony drug

convictions are relevant to show intent and knowledge in a drug prosecution when a defendant makes a general denial defense, which necessarily places the defendant's state of mind at issue."). Any potential prejudice resulting from the introduction of those prior acts by the defendant is substantially outweighed by their probative value. The Eighth Circuit has held repeatedly that any potential unfair prejudice is reduced by the court's use of a limiting instruction to the jury that they should only consider the evidence to decide issues of knowledge and intent. *Banks*, 706 F.3d at 907; *Thomas*, 583 F.3d at 1066; *Gaddy*, 532 F.3d at 790. "The presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts." *Lindsey*, 702 F.3d at 1099 (quoting *Halk*, 634 F.3d at 488). Thus, any Rule 403 concerns about undue prejudice or confusion are adequately addressed through limiting instructions. *See Halk*, 634 F.3d at 488; *Oaks*, 606 F.3d at 539 n.2; *Strong*, 415 F.3d at 906. If the Court determines that this evidence is only admissible as 404(b) evidence, the United States agrees that, in this case, a limiting instruction would be appropriate at trial to reduce any potential unfair prejudice to the defendant.

      The United States respectfully submits that Federal Rule of Evidence 404(b) permits introduction of the referenced material and is not unfairly prejudicial.

                            Respectfully submitted,

                            JONATHAN D. ROSS
                            United States Attorney

                        By CHRIS GIVENS (2009194)
                            JULIE PETERS (2000109)
                            Assistant U.S. Attorney
                            P.O. Box 1229
                            Little Rock, AR  72203
                            (501) 340-2600
                            Chris.Givens@usdoj.gov
                            Julie.Peters@usdoj.gov