IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                  Plaintiff

v.                                         No. 4:19-CR-00528 JM

RAMIEN COLLINS                                                                            Defendant

### RESPONSE TO GOVERNMENT'S 404(b) NOTICE (Doc. 49)

This is both character evidence and more prejudicial than relevant. Overkill is prejudicial, too, because it results in a denial of a fair trial under the due process clause of the Fifth Amendment.

### F.R.E. 404(b)

**(b) Other Crimes, Wrongs, or Acts.**
    **(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
    **(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
    **(3) Notice in a Criminal Case.** In a criminal case, the prosecutor must:
        (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
        (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; ....

### This is Character Evidence, Too.

Defendant's Western District of Arkansas cocaine conviction is first and foremost mere character evidence, and 404(b)(1) prohibits character evidence.

To avoid it being character evidence, it needs to be categorized as going to defendant's "knowledge" so it can come in under the 404(b)'s "rule of inclusion." The rule of inclusion still has to recognize the due process right to a fair trial.

Second, is this a concession the government's case on knowledge is weak? The government

should wait until the end of its case in chief to offer this evidence, and the court can then rule.

## More Prejudicial Than Relevant ("Overkill")

The government does not need this evidence, unless its case is weaker than it suspects.

Overkill is prejudice. *See Funk v. Commonwealth,* 842 S.W.2d 476, 481 (Ky. 1992) ("The extensive use of overkill was unduly prejudicial and trial error."), superseded on other grounds by rule as stated in *Day v. Commonwealth,* 2006 WL 2707960 (Ky. Sept. 21, 2006) (unpublished); *People v. Bedoya,* 325 Ill.App.3d 926, 259 Ill.Dec. 243, 758 N.E.2d 366, 380 (2001) (7 witnesses and 27 exhibits to establish the defendants' other crimes was "overkill" and served no purpose other than to inflame the jury; "We have reversed convictions because of overkill in the presentation of other offense evidence.").

## A Limiting Instruction is Required

A 404(b) limiting instruction is required, not mentioning the government's burden of proof to prove the prior,[1] but to limit what the jury can consider it for.

## CONCLUSION

The 404(b) evidence should be rule out.

Respectfully submitted,

JOHN WESLEY HALL
  Ark. Bar No. 73047
1202 Main St.; Suite 210
Little Rock, Arkansas 72202-5057
(501) 371-9131 / fax (501) 378-0888
e-mail: ForHall@aol.com
  *Attorney for Defendant*

---

[1] It is, after all, a certified copy, and it certainly appears to be him.

2